IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHONDA R. MILLER,
and TREAVATHER MILLER, SR.

        Plaintiffs,

vs.

PASCHALL TRUCK LINES, INC.,
for itself and as employer of
Coyle Robertson, and
COYLE ROBERTSON,
individually and as employee of
PASCHALL TRUCK LINES, INC.,

        Defendants.

Civil Action No.: 1:20-cv-00303

(Jury Trial Demanded)

**COMPLAINT FOR VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT HIRING AND SUPERVISION, TORTIOUS ASSAULT AND BATTERY, AND LOSS OF CONSORTIUM**

Plaintiffs, Shonda R. Miller and Treavather Miller, by and through undersigned counsel, the Buchanan Law Firm, LLC (Deena L. Buchanan) hereby submit their Complaint for violations of Title VII of the Civil Rights Act of 1964, as amended, Intentional Infliction of Emotional Distress, Negligent Hiring and Supervision, Tortious Assault and Battery, and Loss of Consortium against Defendants Paschall Truck Lines, Inc. and Coyle Robertson as follows:

## JURISDICTIONAL ALLEGATIONS

1. Plaintiffs are currently and were at all times relevant to this matter, residents of Swansea, Calhoun County, South Carolina, and citizens of South Carolina.

2. Defendant Paschall Truck Lines, Inc. ("PTL" or "Defendant PTL") is a corporation incorporated under the laws of Kentucky, with its principal place of business in Murray, Kentucky.

3. Defendant Coyle Robertson ("Robertson") is an individual and upon information and belief, is a resident of Dennison, Texas.

4. Defendant PTL is an interstate over the road truck line whose business operations stretch from the east coast of the United States to the west coast, including the State of New Mexico.

5. This Court has personal jurisdiction over Defendants in that they, at all relevant times, transacted business in this State, operated motor vehicles upon the highways of the State of New Mexico, and have committed tortious acts in this State. NMSA 1978, Section 38-1-16(1)-(3). In particular:

   a. Defendant PTL has recruited and does recruit employees from the State of New Mexico.

   b. Defendant PTL's territory for deliveries has regularly included locations in New Mexico.

   c. Defendant PTL's agents and employees, including Robertson, have regularly traveled on and across the highways of New Mexico to other destinations,

   d. Defendant Robertson committed the tortious acts described herein in Moriarty, New Mexico, as an employee of Defendant PTL.

   e. On its passages to and through New Mexico, Defendant PTL regularly engaged in business in the state, including refueling and other purchases. On the date in question, Defendant Robertson was using the services of a truck stop in Moriarty, New Mexico.

   f. Under New Mexico law, Defendant PTL is required to file fuel taxes for the miles of road it utilizes within the state to the New Mexico Department of Taxation & Revenue.

  6. Defendants PTL and Robertson committed the acts complained of in this lawsuit in the State of New Mexico, while present in New Mexico in the course and scope of Robertson's employment as commercial truck drivers. This Court has subject matter jurisdiction over the federal claims asserted herein pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e, et seq. It has supplemental jurisdiction over the state law claims asserted pursuant to 28 U.S.C. § 1367.

  7. Venue is proper in this district, which is in the state where the unlawful employment practice is alleged to have been committed. In particular, the sexual harassment and other tortious acts and injuries occurred when Plaintiff Shonda Miller was sexually assaulted by her driver trainer, Defendant Robertson, in Moriarty, New Mexico. 42 U.S.C. § 2000e-5(f)(3).

  8. Plaintiff Shonda Miller has previously exhausted her administrative remedies provided for the Title VII claim by filing a timely charge of discrimination with the Equal Employment Opportunity Commission.

  9. The EEOC made a finding of reasonable cause to believe that Respondent PTL discriminated against the charging party in violation of Title VII.

  10. Plaintiff Shonda Miller received her Notice of Right to Sue dated January 6, 2020

from the EEOC on or about January 13, 2020, and is filing this action within 90 days of receipt of that Notice of Right to Sue.

11. The law of the State of New Mexico applies to the state law claims asserted here, as New Mexico is the State where the tortious conduct occurred.

12. To the extent any allegations contained herein are inconsistent, they are pled in the alternative.

## BACKGROUND/FACTUAL ALLEGATIONS

13. Plaintiff Shonda Miller is female. Plaintiff Treavather Miller is Shonda Miller's husband and the father of their children, lives with his wife, and did so at all relevant times.

14. On information and belief, Defendant PTL, during the relevant time period, employed greater than one thousand five hundred employees and has for many years.

15. Defendant Robertson is an individual who held supervisory power over Plaintiff Shonda Miller by virtue of his role as her driver trainer.

16. Defendant PTL is an interstate truck line and is an "employer" as that term is defined by 42 U.S.C. 2000e, et seq., as it is engaged in an industry affecting commerce having fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

17. Plaintiff Shonda Miller was hired by Defendant PTL as a commercial truck driver on April 10, 2019 and at that time became an "employee" of Defendant PTL as that term is defined by 42 U.S.C. 2000e(f).

18. After her hiring, Plaintiff Shonda Miller was required to go through an orientation period, during which she was tasked by Defendant PTL with finding and securing a trainer

4

employed by Defendant PTL to serve as her supervisor, instructing and evaluating her driving over an allocated number of miles. Plaintiff Shonda Miller was required to drive the allocated number of miles with a trainer before she would be allowed to drive alone for Defendant PTL.

19. Defendant PTL sent new trainees on the road with trainers for an extended period of time, which required the trainees to travel within small spaces with their trainers and sleep in the same small pace with them without privacy.

20. The matching of new hires and trainers was the result of Defendant PTL's processes and decisions that left finding a suitable trainer to the new trainee, who was not familiar with the trainers or their backgrounds. Upon information and belief, Defendant PTL did not perform sufficient vetting of its trainers to ensure trainee safety prior to matching them with trainees.

21. Plaintiff Shonda Miller did not receive assistance in matching with a suitable trainer.

22. Plaintiff Shonda Miller requested a female trainer on multiple occasions, in part because of safety concerns and the fact that the trainer and trainee were required to both use the bunks in the cab of Defendant PTL's tractor-trailers for sleeping.

23. Defendant PTL did not make any meaningful effort to match Plaintiff Shonda Miller with a female trainer when she was in the matching process, before she associated with trainer Coyle Robertson.

24. There are no locks, doors or security on the bunks where Defendant PTL's trainees and trainers slept in the cabs of Defendant PTL's trucks.

25. Defendant PTL had no policies or procedures to monitor the activities in the sleeping berths of its trucks for the safety of its drivers.

5

26. Plaintiff Shonda Miller was told repeatedly by potential male trainers as she sought a supervisor/instructor that they did not want to drive with a woman.

27. Upon information and belief, Defendant PTL did not require male trainers to accept women trainees and did not have a process by which Plaintiff could be guaranteed a female trainer.

28. Plaintiff Shonda Miller was then matched with a trainer who, as they went forward with the training, performed numerous discriminatory acts of malfeasance based on Plaintiff Shonda Miller's gender, including refusing to let her drive, offering to forge driving records so that it seemed that she had driven, and similar actions.

29. Due to these and other discriminatory acts of malfeasance, Plaintiff Shonda Miller was forced to abandon this trainer in Texas and make her way back east on her own.

30. Defendant PTL was aware of this situation and did nothing to match Plaintiff Shonda Miller with a more suitable trainer.

31. Plaintiff Shonda Miller subsequently sought another trainer/supervisor, specifically looking for and requesting a female trainer. Defendant PTL failed to provide her with a female trainer and she was unable to find an available female trainer on her own.

32. Eventually Plaintiff Shonda Miller matched with a male trainer/supervisor named Coyle Robertson.

33. Unknown to Plaintiff Shonda Miller, Robertson had an extensive criminal history, including at least one conviction for assault causing bodily injury in the prior few years.

34. During the relevant time period, Robertson was tasked with the responsibility of training new hires for Defendant PTL.

35. Defendant PTL has a process for selecting certain drivers as trainers, that did not

6

include effective training and screening to prevent sexual harassment and assault of Plaintiff Shonda Miller.

36. Defendant PTL allowed Robertson to be a trainer despite his criminal history.

37. As her trainer, Robertson supervised Plaintiff Shonda Miller's driving, giving her instruction, evaluating her performance, dictating the circumstances under which she would drive, giving her permission when to sleep, and similar responsibilities.

38. For purposes of the allegations contained herein, Robertson was acting within the course and scope of his employment as agent of Defendant PTL, and his actions constitute actions of Defendant PTL.

39. Alternatively Defendant is vicariously liable for the actions of Robertson because he was aided in and by the agency relationship in committing sexual harassment and assault, and his torts were facilitated by numerous factors, including Robertson's status as Plaintiff Shonda Miller's trainer who exercised authority over whether she would pass the training requirement, Defendant PTL's requirement that the drivers use the common sleeper berth area, the circumstances of how the co-driving operated, and Defendant PTL's failure to provide private and secure quarters for its drivers to use when asleep and vulnerable. Defendant PTL's actions and inactions granted Robertson substantial power and control over Plaintiff Shonda Miller, which aided and facilitated the acts described herein.

40. In particular, Defendant PTL required, as a condition of her employment, Plaintiff Shonda Miller to be supervised by Robertson on a cross-country drive in a truck with no other safety constraints in place by Defendant PTL. Plaintiff Shonda Miller was required to follow the instructions of Robertson, including details of how and when and where she slept, the time and

7

distance she drove and other aspects of her employment.  Defendant PTL's use of Robertson under these circumstances as its supervisory agent thereby created unique dangers for trainee driver such as Plaintiff Shonda Miller.

41. Defendant PTL's tractor, which was controlled by Defendant PTL, was equipped with monitoring equipment that could have been configured to monitor the sleeper berths in addition to the cab and prevent or deter sexual harassment and sexual assault, but was not.

42. Plaintiff Shonda Miller and Robertson were assigned to carry a load to California, and began the drive from Illinois to California on April 29, 2020.

43. En route, Plaintiff Shonda Miller and Robertson discussed that she was nearing her allowable driving hours for the day.  Robertson took over the driving and told Plaintiff Shonda Miller go to sleep in the bunk behind the cab.  She complied with his instruction.

44. Plaintiff Shonda Miller did as instructed and entered the bunk behind the cab and fell asleep. Several hours later, at a truck stop in Moriarty, New Mexico, Plaintiff Shonda Miller was awakened by Robertson unlatching her seatbelt.

45. Robertson then proceeded to rip her pants off and began to sexualy assault her. She could not escape given the close quarters, Robertson's relative size and strength, and the circumstances.

46. On May 2, 2019 at approximately 4:00 a.m., Robertson forcibly raped and sodomized Plaintiff Shonda Miller multiple times in the sleeping compartment of Defendant PTL's truck.

47. When Robertson fell asleep following the assault, Plaintiff Shonda Miller escaped from the truck, hid in the truck stop, and called an employee of Defendant PTL.

8

48. Shortly thereafter, Plaintiff Shonda Miller was interviewed about the rape by the Moriarty, New Mexico police department and received medical treatment at a local hospital.

49. Plaintiff Shonda Miller had numerous conversations over the next several hours with Defendant's agents, reporting and describing the events that occurred.

50. Plaintiff Shonda Miller's telephone conversations with Defendant PTL's personnel satisfied all relevant and applicable company procedures for reporting sexual harassment.

51. Defendant PTL subsequently instructed Plaintiff Shonda Miller to rent a car and drive herself back from New Mexico to Defendant PTL's terminal in Kentucky, which Plaintiff did.

52. On information and belief, Defendant PTL, rather than conducting a prompt and full investigation, immediately taking action against Robertson and assigning another driver to pick up the load, opted to save the costs associated with taking such action and instead instructed Robertson to continue on to California to make the delivery.

53. On information and belief, Robertson was instructed following the delivery to return to Defendant's terminal in Arkansas, which he did over a period of several days.

54. As instructed by Defendant PTL, Plaintiff Shonda Miller subsequently drove herself back home by herself, sleeping in her car along the way. She did not feel safe during this drive, given what had just happened to her, and suffered a high level of emotional distress and discomfort traveling alone from New Mexico to Kentucky.

55. When Plaintiff Shonda Miller returned to Defendant PTL's terminal in Kentucky and attempted to speak about the incident, she was told to stop talking and "just get home." Defendant placed her on a Greyhound bus from Kentucky to South Carolina, which was also

9

difficult to endure and felt extremely unsafe given what she had just been through.

56. Plaintiff Shonda Miller was initially told she could take leave to deal with the trauma of Robertson's assault.

57. Despite this, Defendant PTL promptly changed Plaintiff Shonda Miller's status to "terminated," though Defendant PTL told her she could return to work.

58. Regardless, Defendant PTL had made the work environment so intolerable that she was not able and a reasonable person would not be able to stay or return. Plaintiff Shonda Miller was actually or, alternatively, constructively discharged from her position with Defendant PTL after reporting gender discrimination and sexual assault.

59. As a result of the events described above, Plaintiffs have both suffered significant emotional distress, as well as economic damages.

### COUNT ONE: VIOLATION OF TITLE VII, 42 U.S.C. § 2000e-2, *et seq*.
(Sex Discrimination/Sexual Harassment)
**AGAINST DEFENDANT PTL AND ROBERTSON**

60. Plaintiffs restate all allegations set forth above as if fully restated herein.

61. Prior to her termination, Plaintiff Shonda Miller was subjected to continuous and ongoing acts of sexual harassment, including the severe act of sexual assault, as described above.

62. Such egregious acts were unwelcome.

63. Such acts were as a result of Plaintiff Shonda Miller's sex.

64. The actions described hereinabove altered the terms and conditions of Plaintiff Shonda Miller's employment.

65. Such acts altered the terms and conditions of Plaintiff Shonda Miller's employment,

created a hostile work environment, resulted in her actual or constructive discharge, and were in violation of Section 703 of Title VII, 42 U.S.C. '§ 2000e-2.

66. Plaintiff Shonda Miller has suffered, is entitled to and hereby seeks compensatory damages, including back and front pay, lost benefits, damages for emotional distress, punitive damages, attorneys' fees, expert witness fees and costs, and such other and further relief and the court deems appropriate.

### COUNT TWO: TORTIOUS ASSAULT AND BATTERY
### AGAINST DEFENDANTS PTL AND ROBERTSON

67. Plaintiffs restate all allegations set forth above as if fully restated herein.

68. Robertson intentionally touched and applied force to Plaintiff Shonda Miller's body while she was in the course of Defendant PTL's required driver's training program.

69. Such touching was done in a harmful and offensive manner and constituted a sexual assault.

70. Plaintiff Shonda Miller did not consent to such touching, and was in fact forcibly raped and sodomized. Defendant PTL's and its agent Robertson's actions violated the duty of care to Plaintiff Shonda Miller.

71. Defendant is vicariously liable for the acts of Robertson and jointly and severally liable for his actions either because:

    a. Robertson was acting within the course and scope of his agency with Defendant; or, alternatively,

    b. Robertson was aided in and by the agency relationship created by Defendant PTL, and his actions were facilitated by the circumstances of the co-driver and

    trainer/trainee relationship, as well as the power he held over her circumstances and the de facto supervisory status Robertson had over Plaintiff Shonda Miller, all facilitated by and granted to him by Defendant PTL.

72. Plaintiff Shonda Miller suffered damages as a proximate result of Defendant PTL's actions.

73. Plaintiff Shonda Miller suffered and seeks herein compensatory damages, including physical injuries, compensatory damages, medical bills, pain and suffering, emotional distress, and such other and proper relief and the court may deem just and proper. Defendant PTL's conduct was also wanton, willful, intentional and reckless and Plaintiff Shonda Miller is entitled to punitive damages.

### COUNT THREE: NEGLIGENT HIRING AND SUPERVISION
### AGAINST DEFENDANT PTL

74. Plaintiffs restate all allegations set forth above as if fully restated herein.

75. Defendant PTL owed Plaintiff Shonda Miller a duty to hire and supervise its employees, her co-employees with care.

76. In particular, the duties owed Plaintiff Shonda Miller by Defendant PTL included but are not limited to:

  a. The duty to check the backgrounds of its employees generally, and in particular, those who were tasked by Defendant PTL with the job of supervising and co-habiting with new hires on long drives;

  b. The duty to screen out and avoid hiring employees whose posed a risk or who had the type of history, including criminal history, that would indicate a risk

to others, particularly employees who would be serving as driver trainers during overnight trips;

c. A duty to closely supervise employees who posed such a risk, including but not limited to those with a criminal history that would suggest the potential for inflicting harm on others;

d. A duty to effectively hire, train and monitor its employees who were assigned the special role of driver trainer to minimize the risks to trainees;

e. A duty to pair employees for training purposes only with trainers who did not pose such a risk;

f. A duty to create a secure sleeping environment for all employees who were expected to use Defendant PTL's truck's sleeper berths while co-driving with other employees;

g. A duty to minimize the risk to female employees/trainees by pairing them with female trainers.

77. Defendant PTL knew or reasonably should have known about Robertson's propensity and/or willingness to engage in acts posing a risk of serious harm to others, including Plaintiff Shonda Miller.

78. Defendant PTL's breach of its duty as described herein created the risk to Plaintiff Shonda Miller and were the proximate cause of Plaintiff Shonda Miller's injuries.

79. Plaintiff Shonda Miller suffered and seeks herein compensatory damages, including physical injuries, compensatory damages, medical bills, pain and suffering, emotional distress, and such other and proper relief and the court may deem just and proper. Defendant PTL's conduct

was also wanton, willful, intentional and reckless and Plaintiff Shonda Miller is entitled to punitive damages.

### COUNT FOUR:   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS PTL AND ROBERTSON

80. Plaintiffs restate all allegations set forth above as if fully restated herein.

81. Defendant PTL and Robertson each acted intentionally or recklessly.

82. Defendant PTL is vicariously liable for the acts of Robertson and jointly and severally liable for his actions either because:

   a. Robertson was acting within the course and scope of his agency with Defendant; or, alternatively,

   b. Robertson was aided in and by the agency relationship created by Defendant, and his actions were facilitated by the circumstances of the co-driver and trainer/trainee relationship, as well as the power he held over her circumstances and the de facto supervisory status Robertson had over Plaintiff Shonda Miller, all facilitated by and granted to him by Defendant PTL.

83. As a result of Defendants' acts and omissions, Plaintiff Shonda Miller has experienced severe emotional distress.

84. Defendants' acts and omissions, were wanton, willful, intentional and reckless and Plaintiff Shonda Miller is entitled to punitive damages.

## COUNT FIVE: LOSS OF CONSORTIUM
## AGAINST DEFENDANTS PTL AND ROBERTSON

85. Plaintiff Treavather Miller is married to Plaintiff Shonda Miller and shares a mutually dependent relationship with her.

86. Plaintiff Treavather Miller relied on his good relationship with Plaintiff Shonda Miller, who has been his wife for many years, and has not been able to enjoy life with her in the same way since her sexual assault, rape and force sodomization by Coyle Robertson.

87. As a result of Defendants' negligence and other tortious conduct as described herein, with resulting injury to Plaintiff Shonda Miller, Plaintiff Treavather Miller's relationship with his wife has been harmed, causing him significant emotional distress.

Plaintiffs hereby demand a jury trial on all issues.

WHEREFORE, Plaintiffs pray this Court enter Judgment against Defendants, and for the following relief:

A. Judgment against Defendants;

B. Compensatory damages in an amount to be determined at trial;

C. Punitive damages;

D. All pre-judgment and post-judgment interest allowed by law;

E. Cost of suit and statutory attorney fees; and

G. For such other and further relief as this Court deems just and proper.

Respectfully Submitted,

By: */s/ Deena L. Buchanan*
**Deena L. Buchanan**
Buchanan Law Firm, LLC
5345 Wyoming Blvd. NE, Suite 202
Albuquerque, NM 87109
Tel:   505-900-3559
Fax:   505-933-7551
deena@dbuchananlaw.com
*Attorney for Plaintiff*