IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHONDA R. MILLER, *et al.*,

    Plaintiffs,

v.                                                                         Civ. No. 20-303 GBW/SCY

PASCHALL TRUCK LINES, INC., *et al.*,

    Defendants.

## ORDER DENYING TRANSFER OF VENUE

THIS MATTER comes before the Court on Defendant Paschall Truck Lines, Inc.'s Motion to Transfer Venue to the Western District of Kentucky. *Doc. 17*. Having reviewed the Motion, the attendant briefing (*docs. 22, 27, 30, 32, 34*), and all applicable law, the Court will DENY Defendant's Motion for the following reasons.

**I.  BACKGROUND**

Plaintiff[1] was hired by Defendant Paschall Truck Lines, Inc. ("PTL") as a commercial truck driver on April 10, 2019. *Doc. 1* at ¶ 17. Plaintiff began her employment with a mandatory training period in which she drove with a trainer, Defendant Coyle Robertson. *Id.* at ¶ 18, 32. Plaintiff and Defendant Robertson were assigned to carry a load from Illinois to California beginning on April 29, 2020. *Id.* at ¶

---

[1] For ease of reference, the Court refers to Plaintiff Shonda Miller simply as "Plaintiff." Although Plaintiff is joined in this suit by her husband, Treavather Miller, the bulk of the claims are asserted by Plaintiff alone, and the central factual allegations concern Plaintiff's employment with PTL. *See generally doc. 1*.

42. On May 2, 2019, at a truck stop in Moriarty, New Mexico, Plaintiff alleges that Defendant Robertson sexually assaulted her. *Id.* at ¶ 44–46. Plaintiff reported the sexual assault to PTL that same day. *Id.* at ¶ 49.

Plaintiff filed suit against PTL and Defendant Robertson on April 3, 2020. She brings one claim for sexual harassment under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, as well as claims for assault and battery, negligent hiring and supervision, intentional infliction of emotional distress, and loss of consortium. *Id.* at ¶¶ 60–87. Plaintiff alleges that PTL is vicariously liable for Defendant Robertson's actions as his employer and/or principal. *Id.* at ¶¶ 71, 82.

PTL filed the present motion on June 2, 2020, seeking transfer to the Western District of Kentucky, in which PTL has its principal place of business. *Doc. 17*. Plaintiff responded in opposition to transfer, to which PTL filed a reply. *Docs. 22, 27*. Plaintiff sought leave to file a surreply to PTL's reply, which this Court granted. *Doc. 33*. Plaintiff's surreply was filed July 10, 2020. *Doc. 34.*

Defendant Robertson has not yet filed an answer to Plaintiff's complaint nor indicated any position on PTL's motion. According to both Plaintiff and PTL, Defendant Robertson resides in Denison, Texas, which is roughly equidistant from Albuquerque, New Mexico and Paducah, Kentucky. *Doc. 17* at 8; *doc. 22* at 9. For purposes of this motion, the Court assumes that neither forum is particularly convenient to Defendant Robertson.

2

## II. LEGAL STANDARDS

"For the convenience of parties and witnesses, in the interest of justice," the Court may grant a transfer of venue to any other district court in which the action might have been brought. 28 U.S.C. § 1404(a). The movant "bears the burden of establishing that the existing forum is inconvenient." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). "Unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (quoting *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972)) (alteration removed). Additional factors for deciding a venue transfer request include:

> the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and [] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (quoting *Chrysler Credit Corp.*, 928 F.2d at 1516).

## III. ANALYSIS

### A. Venue Under Title VII

Title VII contains a specific venue provision allowing claims to be brought in

3

> any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). Plaintiff asserts that venue is proper in the District of New Mexico as the district in which an alleged unlawful employment practice—sexual assault by a supervisor—was committed. *Doc. 22* at 5. Defendant asserts that venue is proper in the Western District of Kentucky under every possible basis, as the district (1) in which Plaintiff's employment was allegedly unlawfully terminated, (2) in which PTL maintains and administers its employment records, (3) which was Plaintiff's official work location, and (4) in which PTL has its principal office. *Doc. 17* at 6; *doc. 27* at 2.

PTL brings the present motion pursuant to 28 U.S.C. § 1404(a) (which applies to discretionary transfers from one proper venue to another) rather than 28 U.S.C. § 1406(a) (which applies to transfers based on improper venue). *Doc. 17* at 1. In fact, in its motion, PTL seems to concede that the District of New Mexico is a proper venue. *Id.* at 6 ("[E]ach of the *remaining* three venue provisions [i.e., other than the one placing venue in the District of New Mexico] clearly point to the Western District of Kentucky as the proper venue for this action.") (emphasis added). In its reply, however, PTL appears to argue that transfer to the Western District of Kentucky is *mandated* by Title VII. *Doc. 27*

4

at 1–3.[2]  However, in opposing Plaintiffs' request to file a surreply, PTL characterized its position as arguing only that venue in the Western District of Kentucky is *permitted* by Title VII.  *Doc. 32* at 3 ("Title VII instructs that this case *could* have been filed in . . . the Western District of Kentucky[.]") (emphasis added).  Although the Court shares Plaintiffs' confusion about PTL's position, it takes PTL at its final word and assumes that PTL is not contesting that venue is proper in the District of New Mexico.

While not arguing improper venue, PTL nonetheless asserts that Title VII's venue provision is relevant.  PTL adopts an apparently novel argument: Four out of four[3] possible bases for venue point to the Western District of Kentucky, while only one out of four points to the District of New Mexico; therefore, transfer to the Western District of Kentucky is appropriate.  *Doc. 17* at 6; *doc. 27* at 2.  The Court can find no legal authority (and PTL cites none) to support a majority-rules approach to venue under Title VII.  *Cf. E.E.O.C. v. Plains Pipeline, L.P.*, 2020 WL 1450547, at *2 (D.N.M. Mar.

---

[2] Because there is some confusion about PTL's position, the Court will highlight those portions of PTL's reply that particularly seem to argue that venue is improper in the District of New Mexico.  At one point, PTL states, "Each of these options [from Title VII's venue provision] point[s] to the Western District of Kentucky—*not the District of New Mexico*."  *Doc. 27* at 2 (emphasis added).  PTL then states, "Plaintiff *cannot* rely on any of the other Title VII venue factors to support [her] claim that venue is otherwise appropriate in New Mexico.  As such, Title VII *instructs* this Court to grant PTL's Motion[.]"  *Id.* (emphasis added).  PTL later argues that, "in the event the Court *somehow finds*" that venue is appropriate in New Mexico, transfer "should *still* be granted pursuant to 28 U.S.C. § 1404(a)."  *Id.* at 3 (emphasis added).

PTL accuses Plaintiff of "muddy[ing] the waters" by focusing on the events that allegedly occurred in New Mexico.  *Id.* at 2.  In fact, it is PTL that muddies the waters by repeatedly relying on case law finding improper venue in a motion ostensibly seeking discretionary transfer.  *See, e.g., id.* at 8–10 (comparing the present motion to three separate cases against PTL in which a court found the original venue improper).

[3] In its motion, PTL argued only that three of the four bases for venue point to Kentucky.  *Doc. 17* at 6.  PTL added the fourth basis for venue in its reply.  *Doc. 27* at 2.

25, 2020) (rejecting "the false notion that venue can only exist in one judicial district" in Title VII actions). Whether venue is subject to the general provision in 28 U.S.C. § 1391 or a specific provision such as 42 U.S.C. § 2000e-5(f)(3), the appropriate analysis for a discretionary § 1404 transfer is the multifactor test laid out in *Chrysler* and *Bartile Roofs*.

### B. Transfer Under 28 U.S.C. § 1404(a)

The Court turns now to the requirements for a discretionary transfer under § 1404(a). Plaintiffs do not contest that this action could have been brought in the Western District of Kentucky. *Doc. 22* at 6 n.2. Thus, the only remaining question is whether the balance of factors favors transfer. The Court addresses only those factors relied on by the parties and therefore declines to consider possible concerns about the enforceability of a judgment or obstacles to a fair trial.

#### 1. *Plaintiff's Chosen Forum*

Although the plaintiff's choice of forum "should rarely be disturbed," it receives less deference if the plaintiff does not reside in the district. *Bartile Roofs*, 618 F.3d at 1167–68. As Plaintiffs are residents of South Carolina, their choice of venue in the District of New Mexico receives less deference. Nonetheless, the fact that Plaintiffs reside closer to Kentucky than New Mexico does not override their choice of forum. Plaintiffs' residency in South Carolina renders this factor neutral, but the burden remains on PTL to establish that the other factors are in its favor.

*2. Accessibility of Witnesses and Other Sources of Proof*

Aside from the plaintiff's choice, the convenience of the witnesses is the most important factor. *Bartile Roofs*, 618 F.3d at 1169. The movant must identify the witnesses, indicate "the quality or materiality of the testimony of said witnesses," and establish that necessary witnesses would be unwilling to come to trial without the use of compulsory process and that testimony by deposition would be unsatisfactory. *Scheidt*, 956 F.2d at 966 (citation omitted). The convenience of non-party witnesses weighs more heavily under this factor than the convenience of the parties. *Mandel v. Hafermann*, 2020 WL 2849928, at *4 (D. Utah June 2, 2020) (citing *Anza Tech., Inc. v. Xilinx, Inc.*, 2017 WL 4864947, at *8 (D. Colo. Oct. 27, 2017)). Similarly, the convenience of a party's employees carries little weight because the party "is able, indeed, obligated to procure the attendance of its own employees for trial." *Vega v. Craftworks Restaurants & Breweries Grp.*, 2019 WL 6893038, at *5 (D. Colo. Dec. 18, 2019) (citation omitted); *see also Navajo Nation v. Urban Outfitters, Inc.*, 918 F. Supp. 2d 1245, 1257 (D.N.M. 2013).

PTL lists nine witnesses who reside over a thousand miles away from Albuquerque, New Mexico but within five hundred miles of Paducah, Kentucky. *Doc. 17* at 9. The majority of these witnesses reside within fifty miles of Paducah. *Id.* Seven of these witnesses are PTL's own employees, but two are former employees. *Doc. 17-1* at ¶ 22. Plaintiff lists at least fifteen non-party witnesses who reside over a thousand

miles away from Paducah but within fifty miles of Albuquerque. *Doc. 22* at 9. Clearly, one party's witnesses will be inconvenienced by this trial no matter where it takes place.

The Court is unconvinced of the "quality or materiality" of some of the parties' witnesses. Testimony that is cumulative of other evidence or described in a vague or repetitive manner may be discounted. *Bryant v. Allianz Life Ins. Co. of N. Am.*, 2010 WL 3174749, at *3 (D. Colo Aug. 10, 2010). PTL's witnesses—all current or former employees—appear likely to offer overlapping and therefore potentially cumulative testimony. *See, e.g., doc. 28-1* at ¶ 22 (describing Mr. Burkeen as "*also* involved" in investigating Plaintiff's report and "*also* [having] knowledge of PTL's employment policies, procedures, and business practices") (emphasis added). Several of Plaintiff's potential witnesses are also likely to offer cumulative testimony, such as the three witnesses from the Moriarty Police Department and the two witnesses from the Moriarty Fire Department. *Doc. 22* at 9. Additionally, some of Plaintiff's listed witnesses are records custodians, whose testimony "is typically rendered unnecessary by virtue of Fed. R. Evid. 902 (allowing as evidence self-authentication of public documents) or by stipulation." *E.C.C. Movers LLC v. Fairpoint Comms., Inc.*, 2019 WL 1936322, at *3 (W.D.N.Y. May 1, 2019). Even if every single witness listed by the parties provides material and noncumulative testimony, neither party establishes that depositions would be inadequate in every instance.

8

As both parties observe, the distance between the two venues means that some witnesses will be out of reach of each court's subpoena power under Federal Rule of Civil Procedure 45(c). Neither party alleges that their respective witnesses are unwilling to come to trial without the aid of compulsory process, although the Court assumes that the great distance between the two forums will make voluntary attendance at trial less likely. PTL should have no trouble bringing its own employees to trial. *See Navajo Nation*, 918 F. Supp. 2d at 1257. However, two of PTL's witnesses are former employees and therefore beyond its power of compulsion. *Doc. 17-1* at ¶ 22. Moreover, one of the former employees appears to have material firsthand information that may be unavailable to other witnesses. According to the affidavit supplied by PTL, Mr. Long made key decisions in the handling of Plaintiff's report of sexual assault and personally communicated with both Plaintiff and Defendant Robertson. *Doc. 28-1* at ¶¶ 6–7, 10–12.

Plaintiff's witnesses are all individuals whom Plaintiff encountered only briefly, thus Plaintiff lacks the power to compel them to travel over a thousand miles to aid her case. Plaintiff further argues that depositions would be inadequate for at least some of the New Mexico witnesses, as they are necessary to establish Plaintiff's credibility. "The preference for a witness's attendance at trial is axiomatic." *Garcia-Martinez v. City & Cty. of Denver*, 392 F.3d 1187, 1191 (10th Cir. 2004) (internal quotation marks omitted); *see also United States v. Harrison*, 296 F.3d 994, 1007 (10th Cir. 2002) (noting the "strong

preference for in-person testimony" expressed in the Federal Rules of Evidence). The preference for in-person testimony is especially strong where key factual issues turn on credibility. *Garcia-Martinez*, 392 F.3d at 1191; *Wolfkiel v. Krug*, 2012 WL 3245962, at *3 (D. Colo. Aug. 7, 2012). Based on PTL's answer to Plaintiff's complaint, PTL intends to dispute the allegation of sexual assault. *See doc. 15* at ¶ 61. Additionally, PTL indicates that one of its witnesses has "key knowledge of Plaintiff's allegations, demeanor, and emotional state as he was contacted by Plaintiff immediately after the alleged event." *Doc. 27* at 4. Thus, it appears that PTL intends to put Plaintiff's credibility at issue. Accordingly, witnesses who observed Plaintiff's demeanor and emotional state in person immediately after the alleged sexual assault would be critical to Plaintiff's case.

Based on the above findings, each party has at least one witness whose presence at trial will likely be both important to the party's case and difficult to procure without compulsory process. "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue." *Scheidt*, 956 F.2d at 966 (citation omitted). Moreover, "it would be unfair to force [one party] to present a significant portion of their case by deposition." *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993) (citation omitted). While PTL will be able to bring at least some of its witnesses to trial, Plaintiff is unlikely to be able to do the same without compulsory service. Accordingly, the accessibility of the witnesses slightly favors remaining in the District of New Mexico.

### 3. Costs of Proof

Just as some party's witnesses will be inconvenienced by litigating in a distant forum, so too will some party experience increased costs.  PTL emphasizes the travel costs it will incur if the case remains in New Mexico, while Plaintiff emphasizes the cost of preserving and presenting her witnesses' testimony if the case is transferred.  *Doc. 17* at 10; *doc. 22* at 12, 14.  Neither party puts forth any evidence estimating the cost of litigating in one forum over the other.  *See Bartile Roofs*, 618 F.3d at 1169 (rejecting assertion of increased costs unsupported by evidence).  The Court anticipates that PTL's added travel costs would probably exceed Plaintiff's added deposition costs.  However, absent evidentiary support, this factor only slightly favors transfer.

### 4. Difficulties Arising from Congested Dockets

The parties present contrasting arguments concerning congested dockets.  PTL relies on the District of New Mexico's two judicial vacancies and widely publicized levels of congestion.  *Doc. 17* at 11; *see Plains Pipeline, L.P.*, 2020 WL 1450547, at *4; *Immigration Cases, Judicial Vacancies Tax New Mexico Courts*, Wall Street Journal (Oct. 19, 2019), https://www.wsj.com/articles/immigration-cases-judicial-vacancies-tax-new-mexico-courts-11571493600.  Plaintiff looks to statistics published by the Administrative Office of the U.S. Courts, which show equivalent levels of congestion between the two courts.  *Doc. 22* at 20; *see U.S. District Courts–Combined Civil and Criminal Federal Court Management Statistics (December 31, 2019)*, U.S. Courts,

11

https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2019/12/31-1.

While it is true that the District of New Mexico carries a heavy load of criminal cases and has had two judicial vacancies pending for over a year, the parties have consented to trial before a magistrate judge, whose docket is unburdened by criminal trials and who has the capacity to bring this case to trial far sooner than the Western District of Kentucky's average 46.8 months, *see doc. 22* at 20. The Court does not find that congestion in the District of New Mexico merits transfer.

### 5. *Conflicts of Law & Questions of Local Law*

Plaintiff argues that potential conflict-of-law issues and questions of local law as to her state-law claims weigh against transfer, emphasizing differences in the laws of Kentucky and New Mexico. When a § 1404 transfer is granted, the transferee forum must apply the law of the transferor forum. *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964); *Ferens v. John Deere Co.*, 494 U.S. 516, 524–25 (1990). Were the Court to grant transfer, the Western District of Kentucky would be required to apply New Mexico law to Plaintiff's state-law claims.[4] Furthermore, the federal courts are qualified to apply various states' laws. *Bartile Roofs*, 618 F.3d at 1169. The Court does not find any reason to believe that the Western District of Kentucky would be unable to apply the correct

---

[4] The Court expresses no opinion on *how* New Mexico law would apply to the specific claims and defenses in this case.

12

law to Plaintiff's state-law claims.  Conflicts of law are a neutral factor here.  *See Butikofer v. Nygren*, 2016 WL 7190556, at *7 (D. Utah Dec. 12, 2016).

"When the merits of an action are unique to a particular locale, courts favor adjudication by a court sitting in that locale." *Bartile Roofs*, 618 F.3d at 1170.  However, questions of local law carry little weight when it comes to adjudicating familiar common-law claims.  *Presidential Hosp., LLC v. Wyndham Hotel Grp., LLC*, 333 F. Supp. 3d 1179, 1235 (D.N.M. 2018).  Plaintiff's state-law claims are all common-law torts that are not unique to New Mexico.  Plaintiff argues that Kentucky's law on vicarious liability is generally more favorable to employers than New Mexico's, but she does not indicate that New Mexico's law on vicarious liability is unique among the states.  *Doc. 22* at 18. Nor does she identify any other unique feature of New Mexico law that would counsel against placing this case in the hands of a federal court sitting in another state.

The Court finds that conflicts of law and questions of local law carry little to no weight in the analysis.

### 6.  Balance of Factors

The exceptional distance between the two possible forums makes the present motion a difficult one to resolve.  Factor by factor, neither party's preferred venue has an overwhelming claim to convenience or the interests of justice.  In the absence of factors *strongly* favoring the movant, *Scheidt*, 956 F.2d at 965, this case shall remain in Plaintiff's chosen forum.

## IV. CONCLUSION

For the foregoing reasons, Defendant PTL's Motion to Transfer Venue to the Western District of Kentucky (*doc. 17*) is DENIED.

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**