IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHONDA R. MILLER and
TREAVATHER MILLER, SR.,

      Plaintiffs,

      vs.                                              Civ. No. 20-303 GBW/SCY

PASCHALL TRUCK LINES, LLC,
for itself and as employer of Coyle
Robertson, and COYLE ROBERTSON,
individually and as the employee of
Paschall Truck Lines, Inc.,

      Defendants.

## ORDER AWARDING IN PART ATTORNEY'S FEES

This matter comes before the Court on the Declaration of Blaney A. Coskrey, III in support of attorney's fees, filed February 3, 2021. Doc. 85. Although the Court agrees that an award of attorney's fees is appropriate, for the reasons discussed below, it awards an amount less than Plaintiffs request.

## BACKGROUND

On November 30, 2020, Plaintiffs filed a motion to compel, seeking to compel supplemental responses from Defendant Coyle Robertson to interrogatories and requests for production. Doc. 60. Shortly after Plaintiffs filed their motion, counsel for Defendant Robertson moved to withdraw. Doc. 61. The Court extended the time for Defendant Robertson to respond to the motion to compel until two weeks after the Court ruled on the motion to withdraw. Doc. 66. On January 5, 2021, the Court granted the motion to withdraw, allowing counsel for Defendant Robertson to withdraw. Doc. 75. Accordingly, Defendant Robertson is now proceeding pro se.

Following the Court's order on the motion to withdraw, Defendant Robertson had two weeks to respond to the motion to compel. When he failed to respond, the Court granted the motion as unopposed. Doc. 81; *see also* D.N.M. LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). In granting Plaintiffs' motion to compel, the Court also granted Plaintiffs' request for fees and costs under Federal Rule of Civil Procedure 37(a)(5)(A). Doc. 81 at 2-3. The Court gave Plaintiffs 14 days to file an affidavit outlining the fees and costs they incurred in preparing the motion to compel, and gave Defendant Robertson an additional 14 days to file any objections he had to the amount of fees requested. *Id.* Accordingly, counsel for Plaintiffs filed the affidavit presently before the Court, requesting a total award of $4,725.00. Doc. 85. Defendant Robertson did not file any objections.

## ANALYSIS

If the Court grants a motion to compel, Rule 37 requires the party whose conduct necessitated the motion, after an opportunity to be heard, to pay the movant's *reasonable expenses* incurred in making the motion. Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). "To determine a reasonable attorneys fee, the district court must arrive at a 'lodestar' figure by multiplying the hours plaintiffs' counsel reasonably spent on the litigation by a reasonable hourly rate." *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995). Plaintiffs bear the burden to "prove and establish the reasonableness of each dollar, each hour, above zero." *Id.* at 1510. "Where documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Here, Plaintiffs request attorney's fees for the work of Blaney A. Coskrey, seeking $350 an hour for 13.5 hours, totaling $4,725.00. The Court will consider the reasonableness of both the time spent and the hourly rate requested.

**1. Time Spent**

In his affidavit, Mr. Coskrey avers that he spent 13.5 hours "representing the Plaintiffs in connection with responding to inadequate discovery responses of Defendant Robertson in this case, including drafting and filing the Motion to Compel granted by the Court." Doc. 85 ¶ 6. Mr. Coskrey properly submitted a detailed accounting of each task completed and the time he spent on each task. *See* Doc. 85 at 5-6; *see also Hensley*, 461 U.S. at 434 ("The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed."). The Court now considers whether time spent on each task is compensable.

Mr. Coskrey's affidavit lists time he spent drafting the motion to compel, reviewing initial discovery responses, and communicating with Mr. Robertson's prior counsel about discovery issues before actually drafting the motion to compel. The time Mr. Coskrey spent drafting his motion to compel is clearly compensable. In contrast, without more information, the Court does not view the time Mr. Coskrey initially spent reviewing the discovery responses and making notes related to the adequacy of those responses as compensable – that review and analysis must be done independently of preparing a motion to compel. *See* Fed. R. Civ. P. 37(a)(5)(A) (only allowing an award of "reasonable expenses incurred in making the motion").

The third category of time spent (trying to resolve areas of dispute with opposing counsel) falls into a grey area. On the one hand, those communications typically provide the foundation for a later filed motion to compel and so arguably constitute reasonable expenses incurred in making the motion. On the other hand, communication regarding discovery is expected regardless of whether those communications precede the filing of a motion to compel. Indeed, Rule 37(a)(5)(A)(i) does not allow for payment if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action . . ." Thus,

Rule 37 requires communication as a precursor to the filing of a motion to compel. If those communications obviate the need to file a motion to compel, no reimbursement of expenses related to those communications occurs. This indicates that Rule 37 treats communications done in an attempt to *avoid* having to file a motion to compel as something different than "reasonable expenses incurred in making the motion [to compel]." Moreover, Plaintiffs have cited no authority, and the Court is not aware of any, allowing an award of expenses for communications undertaken in an attempt to avoid having to file a motion to compel. Because it is not clear that communications Mr. Coskrey had in an attempt to avoid having to file a motion to compel were incurred in making the motion to compel, the Court will not award fees for those tasks. Thus, the Court will reduce the time spent to 8.5 hours and not award fees for the following:

| Date | Atty | Description | Hours | Rate |
|---|---|---|---|---|
| 11/10/20 | BAC | Review discovery responses served by Robertson; draft memo to file re: inadequacy, possible motion to compel issues | 0.3 | $350.00 |
| 11/18/20 | BAC | Begin drafting letter to Lamont re: inadequacies of discovery responses | 1.2 | $350.00 |
| 11/19/20 | BAC | Continue drafting lengthy letter to Lamont re: inadequacies of discovery responses; finalize, send; draft email to Lamont | 1.4 | $350.00 |
| 11/21/20 | BAC | Review status; draft another email to Lamont urging response; additional email exchange with Lamont re: need to respond, consultation required by rules; issues related to extension of motion to compel deadline extension | 0.4 | $350.00 |
| 11/23/20 | BAC | Prepare for conversation with Lamont; telephone conversation with Lamont re: inadequate responses, lack of apparent input from party, supplementation, related issues; draft memo to file re: same; discussion with co-counsel re: same | 1.5 | $350.00 |

4

| | | | | |
|---|---|---|---|---|
| 01/21/21 | BAC | Review Court's Order granting Motion to Compel; calendar dates contained therein | 0.2 | $350.00 |

**2. Hourly Rate**

"To determine what constitutes a reasonable rate, the district court considers the prevailing market rate in the relevant community." *Lippoldt v. Cole*, 468 F.3d 1204, 1224 (10th Cir. 2006) (quotation omitted). Here, Mr. Coskrey requests $350 an hour, which he affirms is "below the rate charged by attorneys of comparable experience and practice areas" in his "home jurisdiction." Doc. 85 ¶ 2. Mr. Coskrey, however, is based in Columbia, South Carolina. The Court, therefore, must use its discretion to determine if $350 an hour is a reasonable market rate in the relevant community of Albuquerque, New Mexico.[1] *See Case v. Unified School Dist. No. 233*, 157 F.3d 1243, 1257 (10th Cir. 1998) ("Only if the district court does not have before it adequate evidence of prevailing market rates may the court, in its discretion, use other relevant factors, including its own knowledge, to establish the rate.").

The Court's review of other cases in this district indicates that an hourly rate of $350 is appropriate for attorneys with many years of experience. *See, e.g.*, *Payne v. TriState Careflight*, 278 F.Supp.3d 1276, 1298 (D.N.M. 2017) (awarding an hourly rate of $350 an hour to a litigator with over 30 years of experience); *Baity v. Brad Hall & Associates*, CV 18-0183 SCY/JHR, 2019 WL 2436262, at *2 (D.N.M. June 11, 2019) (awarding a rate of $300 an hour to a litigator with 16 years of experience); *O Centro Espirita Beneficente Uniao Do Vegetal in U.S. v. Duke*, 343 F. Supp. 3d 1050, 1085 (D.N.M. 2018) (awarding a rate of $350 an hour to a litigator who

---

[1] "Unless the subject of the litigation is so unusual or requires such special skills that only an out-of-state attorney possesses, the fee rates of the local area should be applied even when the lawyers seeking fees are from another area." *Lippoldt*, 468 F.3d at 1225. Here, Plaintiffs make no argument that the fee rate should be a national rate and not that of the relevant community.

demonstrated "unique" skills to the Albuquerque area despite only having 11 years of experience and remarking that such a rate is ordinarily reserved to lawyers with experience in the range of fifteen to twenty years); *Griego v. United States*, CV 16-0475 JCH/SCY, 2018 WL 6727357, at *3 (D.N.M. Dec. 21, 2018) (awarding a rate of $350 an hour to a civil rights litigator with 17 years of experience); *Griego v. Douglas*, No. CIV 17-0244 KBM/JHR, 2019 WL 3006993, at *2 (D.N.M. July 10, 2019) (awarding a rate of $310 an hour to an attorney with 22 years of experience and $250 an hour to an attorney with almost 10 years of experience). Mr. Coskrey affirms that he has 32 years' experience, including almost 30 years in private practice. Accordingly, the Court agrees the $350 is a reasonable hourly rate in Albuquerque, New Mexico.

## CONCLUSION

For these reasons, the Court will grant in part Plaintiffs' request for attorney's fees associated with its motion to compel (Doc. 85). The Court will reduce the reasonable hours to 8.5, but allow the hourly rate of $350, equaling a total award of $2,975.00. Within 30 days of the entry of this order, Defendant Robertson shall pay Plaintiffs a total of $2,975.00.

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**